CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 11, 2026
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **QUENTIN M. C.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:25-CV-00038** |
| | ) | |
| **FRANK BISIGNANO,** | ) | **By: Hon. Michael F. Urbanski** |
| **Commissioner of Social Security,** | ) | **Senior United States District Judge** |
| | ) | |
| **Defendant** | ) | |

**MEMORANDUM OPINION**

Pending before the court is plaintiff Quentin M.C.'s (Quentin) motion for attorney's fees in the amount of $10,153.44 which he brings pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 23. The Commissioner is not opposed to an award of attorney's fees but argues that the amount requested is excessive. Resp., ECF No. 24. For the reasons stated below, the court **GRANTS** the motion for attorney's fees subject to reductions of 0.5 hours in attorney fees and 3.7 hours in paralegal fees, resulting in fees in the amount of $9,562.99. In addition, Quentin is entitled to 4.6 hours of attorney time to prepare the reply to the response to his motion for EAJA fees, which brings the total fee award to $10,740.13.

Quentin filed this action challenging the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits ("DIB"). He filed a brief in support of his complaint, which the Commissioner opposed, and a reply to the Commissioner's opposition. The court granted Quentin's motion and remanded his case to the Commissioner for further development. ECF No. 21, 22. Quentin asserts that he is entitled

to $10,153.44 in attorney's fees for work done by attorneys and paralegals on his case. He submitted documentation showing that attorneys spent 36.6 hours on his case and seeks payment at the 2025 EAJA rate of $255.90 per hour, for a total of $9,365.94. He also submitted documentation showing paralegals spent 6.3 hours on his case and seeks payment at the rate of $125.00 per hour for their work for a total of $787.50. The Commissioner does not dispute either hourly rate but argues that some of the fees requested are for time spent on tasks that are not compensable and also argues that the overall amount of time spent by the attorneys and paralegals is excessive. The Commissioner asks the court to award attorney's fees in an amount between $5,382.27 and $7,122.39. In his reply to the Commissioner's response disputing the proper amount of fees, Quentin argues that the time was reasonably spent on compensable tasks. In addition, he seeks $1,177.14 for 4.6 hours of attorney time spent replying to the response to his EAJA petition. ECF No. 25 at 10 and Ledger at 25-1.

**I. Discussion**

Under the EAJA, courts are directed to award a prevailing party fees and other expenses incurred by the party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). "Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court

must undertake the 'task of determining what fee is reasonable.'" Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002) (quoting INS v. Jean, 496 U.S. 154, 161 (1990)).

> [T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended. Counsel should submit evidence supporting the hours worked, and exercise billing judgment with respect to hours worked. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

Id. (internal quotations omitted) (cleaned up).

District courts have substantial discretion when determining the amount of an EAJA award, Jean, 496 U.S. at 163, but must assure that the award is reasonable. Hyatt, 315 F.3d at 254. Attorneys for a prevailing party should be paid for all the time they reasonably expend on a matter, but an EAJA award should not produce a windfall to attorneys. Id. (internal citations omitted). The fee applicant bears the burden of demonstrating the reasonableness of its fee request and must provide sufficient detail in its records to explain and support the fee request. Bernadine Denise B. v. Dudek, E.D. Va. No. 2:23-CV-114, 2025 WL 1085122, at *1 (E.D. Va. Apr. 10, 2025) (internal citations omitted). Courts are directed to exclude from the fee calculation hours that were not reasonably expended, bearing in mind that hours that would not be billed to a client are not properly billed to an adversary pursuant to statutory authority. Id. at *2 (citations omitted).

EAJA attorney fees are set at $125 per hour, with adjustments to track the cost of living as indicated by the Consumer Price Index. 28 U.S.C. § 2412(d)(2)(A)(ii). For 2025, the parties agree that the hourly rate for attorneys was $255.90. Mot. ECF No. 23-1 at 1–2; Resp., ECF

No. 24 at 5. Quentin also seeks compensation for time spent by paralegals at $125.00 per hour and the Commissioner does not contest this hourly rate. The court finds $255.90 per hour for attorney time and $125.00 per hour for paralegal time to be reasonable.

The Commissioner challenges as unreasonable Quentin's request to be compensated for 36.6 hours of attorney time and 6.3 hours of paralegal time. In particular, the Commissioner argues the following: (1) Quentin seeks fees for non-compensable time; (2) his attorney spent excessive time drafting the complaint and the EAJA petition; (3) the attorney engaged in improper block billing; and (4) the attorney seeks fees for excessive time for file review and drafting of the opening brief. Each argument will be addressed in turn.

**A. Non-Compensable Time**

It is well-established that attorneys are not entitled to fees for tasks that are purely clerical in nature. Regarding paralegal tasks, the court in Hyatt stated, "[a]lthough fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." 315 F.3d at 239 (citing Jean, 863 F.3d at 778). Tasks not traditionally performed by attorneys, or those which do not require professional skill or expertise, are considered clerical tasks and are not compensable under the EAJA.

The Commissioner seeks to exclude from compensation the following tasks performed by paralegals on Quentin's behalf, describing them as purely clerical: 0.60 hours for "Files received, reviewed, and processed from referral source for attorney review"; 0.40 hours for

"Telephone call with Client re: completion of federal debt check, explained EAJA"; 0.60 hours for "FDC contract and other rep docs prepared for client completion"; 1.6 hours to "combine, OCR, and live bookmark Federal Court transcript (1622 pages)"; and 0.3 hours for "FDC referral back to referral source." The court agrees that except for the 0.40 hours for a telephone call with Quentin regarding completion of the federal debt check and explaining the EAJA, the above tasks are clerical in nature. Other courts have made similar findings. See Santana v. Bisignano, No. 1:24CV756, 2025 WL 2443604, at *2 (M.D.N.C. Aug. 25, 2025) (finding same tasks to be clerical and non-compensable); Fryar v. Saul, No. 7:19-CV-198-RJ, 2021 WL 769664, at *2 (E.D.N.C. Feb. 26, 2021) (same).[1] But see Sykes v. Comm'r Soc. Sec. Admin., No. SAG-16-898, 2017 WL 1956852, at *2 (D.Md. May 10, 2017) (allowing compensation for 0.5 hours to OCR & Live bookmark federal court transcript (507 pages)).

However, the phone call with the client regarding completion of the federal debt check and explaining EAJA requires professional expertise as the paralegal must understand the requirements of the law in order to explain it to the client and obtain the client's compliance. See Fryar, 2021 WL 769664, at *3 (describing a call explaining the EAJA as substantive discussions appropriately performed by an attorney). Accordingly, the court will reduce the time attributed to the paralegals on these tasks by 3.1 hours.

[1] The Commissioner attributes the following quote to Santana, 2025 WL 2443604, at *2: "[i]t is unclear what 'Federal Court-Remand Referral back to Referral Source,' actually seeks compensation for and I decline to authorize payment for 0.3 paralegal hours in 2022 for this unexplained task." However, this quote does not appear in the opinion. Rather, the court found that "time entries regarding the referral source are clerical in nature." Id.

The Commissioner also argues that the attorneys twice billed for 0.1 hours of time to review notices of appearance by attorneys for the Social Security Administration. The court agrees that this time is non-compensable or excessive, as it requires no more than taking a few seconds to look at the docket in the case. Therefore, the court will deduct 0.2 hours of attorney time spent on non-compensable tasks.

The Commissioner next argues that the time two attorneys spent drafting the civil complaint and cover sheet—with one attorney spending 0.4 hours drafting the documents and another attorney spending 0.2 hours reviewing the documents—is excessive. The court agrees. Each document consists of one page of fill-in-the blank questions. Completing the forms could easily be accomplished in 0.2 hours and reviewing them should take no more than 0.1 hours. Accordingly, the court reduces the attorney time spent on this task by 0.3 hours for a total of 0.3 hours spent on drafting the complaint and cover sheet.

**B. Preparation of EAJA Fee Petition**

The Commissioner next asks the court to reduce as excessive the amount of time spent on preparing the EAJA petition. Quentin seeks compensation for a total of 1.6 hours spent by paralegals to prepare the EAJA motion, finalize the narrative, time slips, and exhibits, and to forward it to local counsel for review, and compensation for 0.6 hours of attorney time to review the EAJA time slips and finalize the EAJA narrative, for a total of 2.2 hours to prepare and finalize the EAJA petition. The Commissioner suggests that it should have taken the paralegals 0.3 hours of time and the attorneys 0.2 hours or time to prepare the EAJA fee

petition. The court notes that other courts in the Fourth Circuit have found a reasonable time to prepare an EAJA petition to vary from 0.5 hours to 3 hours. See, e.g., Bobbie D. v. O'Malley, No. 3:22-cv-738-MHL-SLS, 2024 WL 1119462, at *3 (E.D. Va. Mar. 14, 2024) (reducing time to prepare EAJA fee petition to 0.5 hours); Jermaine G. v. Kijakazi, No. GLS-21-2445, at *6 (D. Md. Aug. 21, 2023) (same); Fryar v. Saul, No. 7:19-CV-198-RJ, 2021 WL 769664, at *4 (E.D.N.C. Feb. 26, 2021) (allowing 0.6 hours of attorney time, but zero hours of paralegal time to prepare EAJA petition); Martin v. Kijakazi, No. 689 F.Supp.3d 218, 228–229 (E.D. Va. 2023) (finding 1 hour spent on EAJA fee petition to be reasonable); Kyser v. Apfel, 81 F.supp.2d 645, 648 (W.D. Va. 2000) (finding 3 hours to prepare an EAJA fee petition to be reasonable).

The court finds that a reduction in the amount of time spent on the fee petition in this case is in order and finds that a reasonable fee would be based on 1 hour of paralegal time with no change to the .6 hours of attorney time, for a total of 1.6 hours. Attorneys seeking fees for work performed are directed to support their request with a detailed description of the work performed broken down by hours or fractions thereof expanded on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, any additional factors required by case law, and any additional factors the attorney wishes to bring to the court's attention. Rule 54(a)(2) of the Local Rules of the United States District Court for the Western District of Virginia. The number of hours requested "must be reasonable and must represent the product of 'billing judgment.'" Rum

Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). The exercise of "billing judgment" requires the prevailing party to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434. Given that attorneys are required to provide detailed billing records and to review the time spent to remove unwarranted time, they must be allowed a reasonable amount of time to do so. The court finds that in this case, 1 hour of paralegal time to compile the billing records and 0.6 hours or attorney time to review them is reasonable. Therefore, the paralegal hours spent on the EAJA application are reduced by 0.6 hours and the attorney hours remain the same at 0.6 hours.

**C. Block Billing**

The Commissioner next argues that Quentin's counsel engaged in impermissible block billing, which refers to billing entries that list multiple activities without delineating the time spent on each activity. Denton v. PennyMac Loan Services, LLC, 252 F.Supp.3d 504, 525 (E.D. Va. 2017). "Because of the obligation to maintain billing records with sufficient detail that the court may review and determine the reasonableness of individual activities, block billing entries are disfavored in attorney's fees award cases." Id. However, the issue is not whether a court classifies a party's timekeeping as block billing, but whether the party "has satisfied its burden of providing the court with evidence from which the court can assess the reasonableness of the time requests." Project Vote/Voting for Am., Inc. v. Long, 887 F. Supp.

2d 704, 716, (E.D. Va. 2012). "The traditional remedy for block billing is to reduce the fee by a fixed percentage reduction." Jones v. Southpeak Interactive Corp. of Delaware, 2014 WL 2993443, at *9 (E.D. Va. July 2, 2014).

The court finds that Quentin's counsel has provided sufficient detail for the court to assess the reasonableness of the fee request. The itemization of fees contains entries over four days for a preliminary review of the transcript, reviewing the certified administrative record (CAR), taking notes, and organizing facts, for a total of 15.2 hours. Ledger, ECF No. 23-4. The court is well-acquainted with the process of reviewing CARs in Social Security cases and needs no further explanation as to how counsel spent her time conducting the review. It would not be helpful to the court to require a further breakdown of the time spent reviewing the record versus taking notes versus organizing facts, as those activities are part and parcel of the work done by an attorney when reviewing a CAR.

In Bernadine Denise B., 2025 WL 1085122 at *7, the court found that an entry which stated "Review CAR, briefs, draft Plaintiff's reply brief" was improper because it did not describe how much time was spent reviewing the record, taking notes, and organizing the facts, and how much time was spent drafting the brief. The billing record here is clear as counsel made separate entries for the time spent drafting the brief and response, which totaled 12.7 hours over three days. Ledger, ECF No. 23-4. The court does not find that Quentin's counsel engaged in improper block billing.

**D. Time Spent on Review of Record and Drafting Brief**

The Commissioner next contends that the 15.2 hours spent reviewing the record and the 12.7 hours spent drafting the brief, for a total of 27.9 hours, was excessive. The court disagrees. The administrative transcript in this case was 1,635 pages long, and counsel is obligated to conduct a thorough review of the record in order to present the best arguments on behalf of the client. See Ashley S. v. O'Malley, No. 4:23cv26 (EWH), 2024 WL 3639379, at *2 (E.D. Va. June 11, 2024) ("One would expect any competent counsel to review the record for all viable legal challenges.") Reviewing the record is not simply a matter of flipping pages after giving them a cursory glance. Rather, when making an argument that the decision of the ALJ is not supported by substantial evidence, counsel must closely read the ALJ's opinion and the other evidence in the record, while being mindful of the five-step sequential process the Commissioner uses when making disability determinations. To be sure, some pages in the record merit no more than a quick glance by an attorney, but to fully digest and organize the evidence in the record to make a cogent and persuasive argument takes time, and the 15.2 hours Quentin's attorney spent in this case to do so is not excessive. This determination is not inconsistent with decisions of other courts in this district. See, e.g., Ashley S., 2024 WL 3639379 at *3 (finding between 22.3 and 29.2 hours to review a 2,569 page record to be reasonable); Barnes v. Dudek, No. 5:24-CV-74-FL, 2025 WL 1296218, at *2 (E.D.N.C., May 5, 2025) (finding 9.3 hours to review a 557 page record to be reasonable); Fryar, 2021 WL 769664, at *4 (finding 30.8 hours reviewing record and drafting fact section to be reasonable

for record of more than 3,000 pages); Smith v. O'Malley, No. 5:23-CV-11-FL, 2024 WL 3933860, at *3 (E.D.N.C. Aug. 23, 2024) (finding 19 hours to review 2,858-page record to be reasonable).

Nor was the 12.7 hours spent drafting the brief unreasonable. Quentin's counsel submitted a sixteen-page brief that succinctly set out the issues raised with citations to the record, relevant case law, and Social Security regulations and rulings. The brief was well-organized and tailored to the circumstances presented in Quentin's case. A day-and-a-half to draft and edit such a brief is reasonable and compensable. See Borkowski v. Baltimore County, Maryland, No. DKC 18-2809, 2019 WL 5079574, at *2 (D. Md. Oct. 10, 2019) (noting that "[w]riting clearly and concisely often requires more, not less, time."); Moore v. Apfel, 63 F.Supp.2d 905, 907 (N.D. Ill. Aug. 30, 1999) ("A short and persuasive document often times takes more time to prepare than a long and rambling document.")

**E. Time Spent on Reply to Commissioner's Response**

Quentin requests a total of 4.6 attorney hours for filing his reply in support of his EAJA petition. The reply is 11 pages long, replies in detail to the Commissioner's allegations, and cites relevant caselaw. The time requested appears reasonable and is compensable. See Taylor v. Kijakazi, No. 2:21-CV-41-RJ, 2023 WL 2569983, at *3 (E.D.N.C. Mar. 17, 2023) (finding 3.1 hours to prepare six-page reply was reasonable); Fryar, 2021 WL 769664, at *5 (finding 2.7 hours preparing six-page reply was reasonable); Martin, 689 F.Supp.3d at 222, n.1 (finding 4.9 hours to reply to Commissioner's objection to fee petition to be reasonable).

## II. Conclusion

In sum, the court finds that it is reasonable to reduce the paralegal time spent on this case by 3.7 hours from 6.3 hours for a total of 2.6 hours, and to reduce the attorney time by 0.5 hours from 36.6 to 36.1 hours. These reductions result in a total of 38.7 hours spent on the case, which falls within the 20 to 40 hours generally considered to be reasonably expended on a social security case. See Fryar, 2021 WL 769664, at *2 (collecting cases).

Based on the foregoing, the court awards EAJA fees as follows:

2.6 hours of paralegal time at $125.00/hour = $325.00

36.1 hours of attorney time at $255.90/hour = $9,237.99

4.6 hours of attorney time (reply) at $255.90/hour = $1,177.14

Total: $10,740.13

Accordingly, the court **GRANTS** Quentin's motion for attorney's fees, ECF No. 23, as modified herein, and awards a total of $10,740.13 in EAJA fees.

An appropriate order will be entered.

It is so **ORDERED**.

Entered: Sept. 10, 2026

Michael F. Urbanski
Senior United States District Judge